IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| Oswald Hosea O'Neal Jr., | ) | Case No.: 2:24-cv-07026-JD-MGB |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| Captain Livingston, Lt. Williams, | ) |  |
| Director Bryan Stirling, and Deputy | ) |  |
| Director Willie Davis, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Mary Gordon Baker, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). (DE 53.) The Report recommends that Defendants' Motion for Summary Judgment (DE 46) be granted.[1] Plaintiff, proceeding *pro se*, filed timely objections. (DE 57.) For the reasons below, the Court overrules the objections, adopts the Report as modified, and grants Defendants' motion.

A.    **Background**

Plaintiff brings this action under 42 U.S.C. Section 1983 based on events that allegedly occurred while he was incarcerated at Broad River Correctional Institution.

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

In his verified Second Amended Complaint, Plaintiff alleges that prison officials failed to protect him from attacks by other inmates and failed to provide adequate medical care afterward. According to Plaintiff, he was attacked by an officer in September 2021, later moved to a housing unit where he faced heightened danger, and then stabbed by three inmates on November 5, 2021. (DE 52 at 9–10.) He alleges that after the stabbing, medical staff photographed his injuries but did not send him to a hospital or provide pain medication. (DE 42.)

Defendants moved for summary judgment, arguing that Plaintiff's claims are barred by the statute of limitations and that he failed to exhaust available administrative remedies. (DE 46.) The Report recommends granting summary judgment on limitations grounds and, therefore, does not fully reach the exhaustion defense. (DE 53 at 10.) The Report concludes that Plaintiff's claims accrued no later than November 5, 2021; that South Carolina's three-year limitations period expired on November 5, 2024; and that Plaintiff's Complaint, deemed filed on December 1, 2024, was untimely. (DE 53 at 7-10.)

Plaintiff's objections focus on the evidentiary record concerning the grievance process. He argues that Brandon R. Williams, the Regional Inmate Grievance Manager, could testify only about grievances received by the Office of General Counsel and could not know whether Broad River personnel intercepted or destroyed a grievance before it reached that office. (DE 57.) Plaintiff asserts that he submitted a grievance concerning the underlying events, that prison staff stole or destroyed it, and that SCDC also erased kiosk messages and destroyed paper requests. He

contends this interference denied him due process and prevented him from pursuing administrative remedies. (DE 57.)

**B.    Legal Standard**

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**C.    Discussion**

**1.    Statute of Limitations**

As the Report correctly notes, Section 1983 borrows the forum state's general personal injury limitations period. *See Owens v. Okure*, 488 U.S. 235, 245 (1989). In South Carolina, that period is three years. *See* S.C. Code Ann. § 15-3-530(5). Federal

law governs accrual, which ordinarily occurs when the plaintiff has a complete and present cause of action and can file suit and obtain relief. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Smith v. Travelpiece*, 31 F.4th 878, 883-84 (4th Cir. 2022).

Plaintiff does not specifically object to the Report's accrual analysis. The alleged failure-to-protect claim was complete when the November 5, 2021, attack occurred, and Plaintiff knew of the alleged denial of medical treatment that same day. *See Smith*, 31 F.4th at 883-84 (explaining that accrual turns on when the alleged constitutional violation is complete). Thus, absent tolling, the limitations period expired on November 5, 2024. Plaintiff's Complaint, deemed filed on December 1, 2024, was twenty-six days late. The Court finds no error in this portion of the Report.

### 2.    Equitable Tolling and the Grievance Process

The Court construes Plaintiff's objections as arguing that interference with the grievance process warrants equitable tolling. Under the Prison Litigation Reform Act (the "PLRA"), an inmate must exhaust available administrative remedies before filing an action concerning prison conditions. *See* 42 U.S.C. § 1997e(a). In *Battle v. Ledford*, the Fourth Circuit held that federal equitable tolling applies during the period in which a prisoner diligently pursues the mandatory administrative process. 912 F.3d 708, 718-20 (4th Cir. 2019). *Fauconier v. Clarke* applied that rule to toll a definite seventy-day period where the prisoner promptly initiated the grievance process and pursued it through a final denial on a date certain. 966 F.3d 265, 274-75 (4th Cir. 2020).

4

These decisions do not authorize open-ended tolling whenever a prisoner alleges difficulty with grievances. They toll the limitations period while mandatory exhaustion actually bars suit and the prisoner diligently pursues that process. *See Battle*, 912 F.3d at 718-20; *Fauconier*, 966 F.3d at 274-75. The record, therefore, must permit the Court to identify the relevant period of administrative pursuit.

Plaintiff's verified materials do not establish such a period. His Second Amended Complaint alleges generally that grievances were unprocessed or never returned and that his grievances were "always missing." (DE 42 at 11-12.) His sworn submissions state that he sent multiple handwritten and electronic requests to SCDC officials during the months following the incidents. (DE 52 at 9-10.) Even crediting those statements and drawing all justifiable inferences in Plaintiff's favor, the materials do not identify a formal grievance concerning the November 5, 2021, events, when it was submitted, what response deadline it triggered, or when Plaintiff's effort to pursue the process ended. Unlike the record in *Fauconier*, the record here supplies no dates from which the Court can calculate a period of mandatory exhaustion.

The objection is more specific: Plaintiff asserts that he placed a grievance in an institutional grievance box and that Broad River staff stole it before Williams could receive it. But DE 57 is not sworn or subscribed as true under penalty of perjury. *See* 28 U.S.C. § 1746; *see also* Fed. R. Civ. P. 56(c)(4). Even liberally construed, the objection is argument rather than competent summary judgment evidence establishing when a grievance was submitted or a tolling period of at least twenty-six days.

Nor does the asserted unavailability of the process independently establish the necessary tolling period. Under *Ross v. Blake*, an inmate need exhaust only remedies that are available, and officials may render a process unavailable by thwarting its use through machination, misrepresentation, or intimidation. 578 U.S. 632, 642-44 (2016). Thus, if prison officials intercepted or destroyed a grievance, that conduct could excuse exhaustion. But *Ross* addresses whether exhaustion is required; it does not dispense with Plaintiff's burden to establish the period during which he diligently pursued a mandatory process for purposes of equitable tolling. The record does not show when the alleged interference occurred or otherwise define that period.

*Griffin v. Bryant* does not require a different result. There, the record documented a timely grievance and contained conflicting evidence about how the prison's grievance rules operated, creating genuine disputes concerning availability. 56 F.4th 328, 336-39 (4th Cir. 2022). Here, by contrast, Plaintiff has not presented competent evidence identifying a grievance tied to the November 5 events or the dates necessary to evaluate a period of mandatory administrative pursuit.

Plaintiff bears the burden of establishing equitable tolling. His generalized allegations of missing grievances and unanswered requests, without competent evidence fixing the relevant dates or showing a defined period of mandatory exhaustion, do not carry that burden. Accordingly, the Court agrees with the Report that Plaintiff has not shown tolling sufficient to render the December 1, 2024, Complaint timely. The Court reaches that conclusion under *Battle*, *Fauconier*, *Ross*,

6

and *Griffin*, and does not rely on *McGraw v. Gore* for the distinct question whether the civil limitations period was tolled.

### 3.    Williams's Declaration

Plaintiff is correct in one limited respect: Williams's declaration and the central grievance record establish what the Office of General Counsel received and maintained, but they do not necessarily establish whether Plaintiff placed a grievance in an institutional grievance box before it was allegedly intercepted. The Court, therefore, does not treat Williams's declaration as conclusive proof that no grievance was submitted at Broad River.

That limitation does not create a genuine dispute of material fact on the dispositive issue. Summary judgment rests on the statute of limitations, not Defendants' exhaustion defense. Even assuming Williams lacks personal knowledge of grievance collection at Broad River, Plaintiff's competent evidence does not identify when a grievance was submitted or establish a definite period of mandatory exhaustion. Because the disputed scope of Williams's knowledge would not affect the limitations analysis, it is not material under Rule 56. *See Anderson*, 477 U.S. at 248.

The Court has reviewed Plaintiff's remaining assertions, including his allegations that SCDC erased kiosk messages, destroyed requests, and concealed evidence. Those assertions are either unsworn, conclusory, or unsupported by evidence identifying a material dispute concerning accrual or a calculable tolling period. They, therefore, do not preclude summary judgment.

**D.      Conclusion**

After de novo review of the specific objections and review of the remainder of the Report for clear error, the Court ADOPTS the Report (DE 53) AS MODIFIED by this Order and OVERRULES Plaintiff's objections (DE 57). Defendants' Motion for Summary Judgment (DE 46) is GRANTED. This action is DISMISSED WITH PREJUDICE, and the Clerk is directed to enter judgment for Defendants and close the case.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 5, 2026

**NOTICE OF RIGHT TO APPEAL**

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).